NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4174

UNITED STATES OF AMERICA

v.

LAWRENCE EVERETT CLARK, JR.,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-08-cr-00110-001)
District Judge: Honorable Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
September 16, 2010

Before: SCIRICA, RENDELL and FISHER, Circuit Judges.

(Filed: September 17, 2010)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Lawrence Everett Clark, Jr. appeals his sentence for possessing with intent to

distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

Clark urges that his sentence of 151 months' incarceration is substantively unreasonable

because the sentencing guideline range that the District Court applied significantly overstated the seriousness of his criminal history. We disagree and will affirm Clark's sentence.

Because we write for the parties who are familiar with the factual context and procedural history of this case, we recite only the facts that are relevant to our analysis. When Clark was initially sentenced in January 2009, the District Court sentenced him as a career offender based on a 1990 felony assault conviction, a 1998 conviction for possessing marijuana with intent to deliver, and a 1999 conviction for possession of cocaine. Clark's resulting sentencing guideline range was 188-235 months. Clark argued at sentencing that this guideline range overstated the seriousness of his criminal history and sought a downward departure pursuant to USSG § 4A1.39b)(3). Specifically, Clark pointed out that his assault conviction was eighteen years prior to the instant offense and that his two prior drug convictions involved very small amounts of drugs ($10 of marijuana and $20 of cocaine base). The District Court granted Clark's request and reduced his criminal history category from VI to V, which resulted in a guideline range of 168 to 210 months. Clark further urged the Court to vary downward from the reduced range, but was sentenced to 168 months.

Clark then appealed that sentence, arguing that it was substantively and procedurally unreasonable. We remanded for resentencing in light of the government's uncontested motion for summary remand in which the government recognized that the

District Court may have misunderstood its authority to alter Clark's career offender status. On remand, the District Court applied the same downward departure as in the first sentencing and additionally varied downwardly one offense level based on the crack/cocaine disparity, resulting in a guideline range of 151 to 181 months. The Court sentenced Clark to 151 months' incarceration. On appeal, Clark acknowledges that the District Court granted his requested downward departure, but argues that the one-level downward variance is insufficient to make his sentence substantively reasonable. He urges, as he did before the District Court, that even the reduced guideline range significantly overstates the seriousness of his criminal history.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the District Court's sentencing for reasonableness based on the totality of the circumstances, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).[1] We defer to the District Court's determination of an appropriate sentence because that Court is best suited to consider the specific circumstances of the case. *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007). We find that the District Court did not abuse its discretion in sentencing Clark to 151 months' incarceration after considering Clark's criminal history and granting both a downward departure and a downward variance.

---

[1] Clark does not contend that the District Court failed to consider the appropriate factors under 18 U.S.C. § 3553(a).

For the foregoing reasons we will AFFIRM the Judgment and Commitment Order of the District Court.